# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAN DAM LAW LLP | ) |
|     Plaintiff | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| LOUISE A. JEFFREY | ) |
| A/K/A LOUISE A. JEFFERY. | ) |
|     Defendant. | ) |

## COMPLAINT

Now comes the plaintiff Van Dam Law LLP and hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff, Van Dam Law LLP, is a limited liability partnership, with a principal office located at 233 Needham Street, Newton, Massachusetts.

2. Defendant, Louise A. Jeffrey a/k/a Louise A. Jeffery, is a natural person and is a resident of 2910 E Fox Street, Mesa, Arizona.

3. Federal diversity jurisdiction exists, and this is an action for damages in excess of $75,000, as required by 28 U.S.C. § 1332.

4. This cause of action took place in eastern Massachusetts, and venue, is proper in this District pursuant to and 28 U.S.C. § 1391.

### FACTUAL ALLEGATIONS TO ALL COUNTS

5. In early 2019, the Defendant and 49-51 Brown Avenue, LLC (the "Purchaser") entered into a purchase and sale agreement (the "Agreement") in which the Defendant sells to

Purchaser the property known and numbered as 49-51 Brown Avenue, Boston, Massachusetts (the "Property") to the Purchaser for $650,000 (the "Conveyance"). Upon information and belief, paragraph 4 of the Agreement required the Defendant to deliver the Property free from any taxes then due.

6. In connection with the Conveyance, on or about April 25, 2019, a usual and customary real estate closing took place in Newton, Massachusetts. The Plaintiff acted as the settlement agent. The Defendant, in part, made certain warranties and representations as to the title of the Property and utilized the limited power of attorney. Specifically, the Defendant executed a limited power of attorney, which in part, stated that "All municipal charges and assessments that would be become liens on the Premises have been paid". See copy of Limited Power of Attorney at ¶ 10 attached hereto as Exhibit A. Further, the Defendant signed the HUD-1 and Deed conveying the Property to the Purchaser, a copy of which is attached hereto as Exhibit B.

7. The Purchaser purchased title insurance from First American Title Insurance Company ("FATIC"). By way of the underlying insurance policy, the Purchaser assigned its claims, demands, and causes of action against the Defendant to FATIC. In January 2021, FATIC assigned its claims, demands, and causes of action against the Defendant to the Plaintiff[1].

8. In approximately November 2020, the Plaintiff was notified by the Purchaser that tax amounts were [still] owed on the Property for the time period in which the Defendant owned the Property in the amount of $76,673.44 for tax years 2005 – 2018. See copy of Municipal Lien Certificate attached hereto as Exhibit C.

9. Given the Tax Title, FATIC was obligated to pay the Tax Title along with accruing

---

[1] Hereinafter, Plaintiff asserts all claims of its assignors.

interest for a total payment of $87,547.13 (the "Tax Title").

10. The Plaintiff made demand upon the Defendant, however the Defendant has failed to reimburse the Plaintiff for the Tax Title.

## COUNT I – BREACH OF CONTRACT

11. The Plaintiff repeats, re-alleges and incorporates by reference the averments above as if set hereto herein in full.

12. The Defendant and Buyer entered into the Agreement which required the Defendant to deliver the Property free of taxes that then exist upon the Conveyance.

13. Defendant has breached the Agreement by conveying the Property with taxes due on the Property.

14. As a result of Defendant's breach, the Plaintiff has suffered damages.

## COUNT II - PROMISSORY ESTOPPEL

15. The Plaintiff repeats, re-alleges and incorporates by reference the averments above as if set hereto herein in full.

16. The Defendant made a promise that all municipal charges and assessments have been paid on the Property.

17. In making this promise, the Defendant knew or should have known that the Plaintiff would rely upon her promise.

18. The Plaintiff relied upon the Defendant's promise to its detriment.

19. As a result of Defendant's breach, the Plaintiff has suffered damages.

## COUNT III – FRAUDULENT MISREPRESENATION

20. The Plaintiff repeats, re-alleges and incorporates by reference the averments above as if set hereto herein in full.

21. The Defendant made a representation that the taxes on the Property were paid.

22. The Defendant knew the representation was false.  She had not paid the taxes for thirteen (13) years.  Further, the Defendant executed the HUD-1 knowing the outstanding taxes were not being debited from her sale proceeds.

23. The Plaintiff relied on the representation by Defendant that the taxes have been paid.

24. The Defendant made the representation with the intention of influencing the Plaintiff.

25. The Plaintiff has suffered a material loss proximately caused by Defendant's misrepresentation.

### COUNT IV - UNJUST ENRICHMENT

26. The Plaintiff repeats, re-alleges and incorporates by reference the averments above as if set hereto herein in full.

27. Defendant was aware that property taxes were due on the Property.

28. Defendant has been unjustly enriched by allowing the Property to be sold to the Plaintiff without satisfying the outstanding tax obligations.

29. The Defendant has been unjustly enriched as a result, and under the circumstances, in would be inequitable for her to retain those amounts paid to satisfy said tax obligations.

WHERFORE, the Plaintiff prays for judgment in its favor on all counts.

                                        Respectfully submitted,
                                        Plaintiff, by its Attorneys,

                                        /s/ Michael Van Dam

                                        Michael Van Dam, Esq.
                                        (BBO # 653979)
                                        Van Dam Law LLP
                                        233 Needham Street
                                        Needham, MA 02464
                                        Tel: 617-969-2900
Dated: May 6, 2021                           mvandam@vandamlawllp.com